JKM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

Richard Blanchard,

      Plaintiff,

vs.

James A. Yates,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. CV 1-06-1841-NVW

**ORDER**

On December 20, 2006, Plaintiff Richard Blanchard, who is confined in the Pleasant Valley State Prison (PVSP) in Coalinga, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. #1.)  On June 25, 2007, Plaintiff filed a First Amended Complaint. (Doc. #12.)  On January 16, 2008, The Court granted Plaintiff's motion to file a second amended complaint. (Doc. #14.)  On February 15, 2008, Plaintiff filed his Second Amended Complaint.  (Doc. #15.)  None of Plaintiff's pleadings have been screened as required by 28 U.S.C. § 1915A.  This case was reassigned to the undersigned judge on November 24, 2008.  The Court will dismiss the Second Amended Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

JDDL-K

1  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
2  be granted, or that seek monetary relief from a defendant who is immune from such relief.
3  28 U.S.C. § 1915A(b)(1), (2).

4         A pleading must contain a "short and plain statement of the claim *showing* that the
5  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does
6  not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
7  unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
8  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
9  statements, do not suffice." Id.

10        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
11  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
12  550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
13  that allows the court to draw the reasonable inference that the defendant is liable for the
14  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
15  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
16  experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
17  allegations may be consistent with a constitutional claim, a court must assess whether there
18  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

19        If the Court determines that a pleading could be cured by the allegation of other facts,
20  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
21  action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
22  should not, however, advise the litigant how to cure the defects. This type of advice "would
23  undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
24  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
25  required to inform a litigant of deficiencies). Plaintiff's Second Amended Complaint will
26  be dismissed for failure to state a claim, with leave to amend because the Second Amended
27  Complaint may possibly be saved by amendment.

28  ////

## II.     Second Amended Complaint

Plaintiff alleges that he was exposed to Valley Fever, or Coccidioidomycosis, a fungal disease, after he was transferred to PVSP on June 14, 2005.  Plaintiff further alleges that he became sick from Valley Fever and was transferred to the Coalinga Regional Medical Center (CRMC) on December 13, 2005.  He was subsequently transferred to the University Medical Center, where physicians increased his medications and recommended that he be returned to PVSP.  Plaintiff returned to PVSP on January 9, 2006, and again fell ill from Valley Fever on February 13, 2006.  A physician at CRMC again adjusted Plaintiff's medications and Plaintiff was returned to PVSP the next day.  Plaintiff also alleges that he continues to suffer ill effects from Valley Fever.

Plaintiff names PVSP Warden James A. Yates as the sole Defendant in his Second Amended Complaint. Plaintiff alleges that Defendant Yates knew or reasonably should have known that Plaintiff's transfer to PVSP exposed him to a high risk of contracting Valley Fever.  Plaintiff also alleges that because Defendant Yates knew that Plaintiff had actually contracted Valley Fever, his failure to transfer Plaintiff out of PVSP presented an unreasonable risk to plaintiff's health.   In Claims One and Two, Plaintiff asserts that Defendant Yates was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  In Claims Three, Four, and Five, Plaintiff asserts state tort law claims of negligence and intentional infliction of emotional distress.   Plaintiff seeks money damages, costs, and fees.

## III.     Failure to State an Eighth Amendment Claim

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton

1  infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d

2  at 1096 (quotations omitted).

3     To act with deliberate indifference, a prison official must both know of and disregard

4  an excessive risk to inmate health; the official must both be aware of facts from which the

5  inference could be drawn that a substantial risk of serious harm exists and he must also draw

6  the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the

7  medical context may be shown by a purposeful act or failure to respond to a prisoner's pain

8  or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.

9  Deliberate indifference may also be shown when a prison official intentionally denies,

10 delays, or interferes with medical treatment or by the way prison doctors respond to the

11 prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

12     Deliberate indifference is a higher standard than negligence or lack of ordinary due

13 care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross

14 negligence will constitute deliberate indifference." Clement v. California Dep't of

15 Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter

16 Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

17 "medical malpractice" do not support a claim under § 1983). "A difference of opinion does

18 not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.

19 Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is

20 insufficient to state a claim against prison officials for deliberate indifference. See Shapley

21 v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference

22 must be substantial. The action must rise to a level of "unnecessary and wanton infliction

23 of pain." Estelle, 429 U.S. at 105-06.

24     As noted earlier, to state a cognizable claim for relief, a plaintiff must allege "more

25 than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at

26 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

27 conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual

28 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting

1  Bell Atlantic Corp, 550 U.S. at 570)).  "Determining whether a complaint states a plausible

2  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on

3  its judicial experience and common sense."  Id.  at 1950.

4      In Iqbal, the Court held that, taken as true, the plaintiff's specific factual allegations

5  were consistent with his claim of unconstitutional discrimination.  But the Court further held

6  that the plaintiff's non-conclusory factual allegations were "not plausible" because there

7  were other "more likely explanations" for the defendants' conduct.  Id. at 1951.  Here,

8  because there is a more likely explanation for Defendant Yates's conduct, the Court finds that

9  Plaintiff has failed to allege sufficient non-conclusory facts to support a plausible claim that

10  Defendant Yates was deliberately indifferent to his serious medical needs.

11      Plaintiff's conclusory claim that "defendant knew that failing to transfer plaintiff from

12  ('P.V.S.P.') would create a 'risk' so high as to be clearly unconstitutional" is not plausible.

13  (Doc. #15 at 6-7.)  Plaintiff himself points to evidence that provides a more likely

14  explanation for Defendant Yates's conduct and state of mind.  In his attempt to explain

15  Defendant Yates's direct involvement in the decision not to transfer him, Plaintiff refers to

16  Defendant Yates's March 3, 2006 Grievance Appeal Response,[1] attached as Exhibit B to

17  Plaintiff's original Complaint.  (Doc. #15 at 14).  The Response instructs Plaintiff to notify

18  medical staff that he believes he needs to be transferred for medical reasons, and that once

19  Plaintiff obtains an appropriate medical recommendation, he will be referred to the

20  classification committee for transfer review.  (Doc. #1, Ex. B at 3.)  The Response is

21  consistent with the California Department of Corrections and Rehabilitation (CDCR)

22  Memorandum subsequently issued on August 3, 2006 and attached as Exhibit E to Plaintiff's

23  original Complaint.  The Memorandum describes the procedure for determining which

24  inmates should not be housed in institutions located in the San Joaquin Valley, including

25  PVSP, on account of their susceptibility to Valley Fever.  The procedure requires that a

26  CDCR physician or Registered Nurse must make the susceptibility determination and must

27

28      [1]  The response appears to have been signed for Defendant Yates by another officer.

1   forward a recommendation for transfer of susceptible prisoners to the classification

2   committee. (Doc. #1, Ex. E at 2-4.)  Because it is more likely that Defendant Yates relied

3   on the advice of appropriate medical professionals to make the determination that Plaintiff

4   should, or should not, be transferred to another institution for medical reasons, Plaintiff's

5   conclusory claim that Defendant Yates was deliberately indifferent to his serious medical

6   needs is not plausible.

7        The reliance of a layman, like Defendant Yates, on the advice of medical professionals

8   to make important medical determinations does not reflect deliberate indifference to serious

9   medical needs.  Plaintiff does not allege that Defendant Yates was informed by an

10  appropriate medical professional that it was medically inappropriate to continue to house

11  Plaintiff in PVSP.  Plaintiff's Eighth Amendment deliberate indifference claim, therefore,

12  fails to state a cognizable claim for relief.

13  **IV.    State Law Claims**

14       Under 28 U.S.C. § 1367(a), subject to exceptions which are not relevant here, the

15  district courts have supplemental jurisdiction over state law claims in any civil action in

16  which the district courts also have original federal jurisdiction over all other claims in the

17  case.  But "once judicial power exists under § 1367(a), retention of supplemental jurisdiction

18  over state law claims under § 1367(c) is discretionary."  Acri v. Varian Assoc., Inc., 114 F.3d

19  999, 1000 (9th Cir. 1997) (en banc).  "The district court may decline to exercise

20  supplemental jurisdiction over a claim under subsection (a) if . . . the district court has

21  dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

22  Moreover, the Supreme Court has cautioned that "if the federal claims are dismissed before

23  trial, . . . the state claims should be dismissed as well."  United Mine Workers of America v.

24  Gibbs, 383 U.S. 715, 726 (1966).

25       Because Plaintiff will be given another opportunity to state claims for relief under

26  § 1983, the Court will reserve its discretion to exercise supplemental jurisdiction over

27  Plaintiff's state law claims until after Plaintiff files his third amended complaint.  If Plaintiff

28

JDDL-K                                                    - 6 -

1  fails to allege a viable federal claim in his third amended complaint, the Court will not
2  exercise supplemental jurisdiction over his state law claims.

3  **V.    Leave to Amend**

4        For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed
5  for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may
6  submit a third amended complaint on the form provided with this Order.  If Plaintiff fails to
7  use the form provided with this Order, the Court may strike the third amended complaint and
8  dismiss this action without further notice to Plaintiff.

9        Plaintiff must clearly designate on the face of the document that it is the "Third
10  Amended Complaint."  The amended pleading must be retyped or rewritten in its entirety on
11  the form provided with this Order and may not incorporate any part of the prior complaints
12  by reference.

13        Plaintiff must comply with the instructions provided with the form.  Plaintiff should
14  pay close attention to the instructions provided with the form.  If Plaintiff fails to comply
15  with the instructions provided with the form, the Court may strike the amended complaint
16  and dismiss this action without further notice to Plaintiff.

17        Among other requirements, Plaintiff must provide information regarding the Court's
18  jurisdiction, provide information about the defendants, and divide his lawsuit into separate
19  counts.  In each count, Plaintiff must identify what federal constitutional civil right was
20  violated, identify the issue most closely involved in that count, state which defendants
21  violated that right and what those defendants did to violate that right, explain how Plaintiff
22  was injured by the alleged violation of the constitutional right, and identify whether Plaintiff
23  has exhausted any available administrative remedies.  Plaintiff must repeat this process for
24  each civil right that was violated.  Plaintiff may allege only one claim per count.

25        An amended complaint supersedes prior complaints.  Ferdik v. Bonzelet, 963 F.2d
26  1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546
27  (9th Cir. 1990).  After amendment, the Court will treat the prior complaints as nonexistent.
28

1    <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in a prior complaint is waived

2    if it is not raised in an amended pleading.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

3    **VI.    Motion for Leave to File Supplemental Pleading**

4           Because Plaintiff's Second Amended Complaint will be dismissed with leave to

5    amend, his Motion for Leave to File Supplemental Pleading will be denied as moot.  Plaintiff

6    may assert his supplemental claims in his third amended complaint.  The Court will consider

7    the merits of those supplemental claims when it screens Plaintiff's third amended complaint.

8    **VII.   Warnings**

9           **A.     Address Changes**

10          Plaintiff must file and serve a notice of a change of address in accordance with Rule

11   83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

12   a motion for other relief with a notice of change of address.  Failure to comply may result in

13   dismissal of this action.

14          **B.     Copies**

15          Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

16   LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

17   notice to Plaintiff.

18          **C.     Possible "Strike"**

19          Because the Second Amended Complaint has been dismissed for failure to state a

20   claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified

21   in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28

22   U.S.C. § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or

23   appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on

24   3 or more prior occasions, while incarcerated or detained in any facility, brought an action

25   or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

26   malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

27   under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

28   ////

1    **D.    Possible Dismissal**

2         If Plaintiff fails to timely comply with every provision of this Order, including these

3    warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at

4    1260-61 (a district court may dismiss an action for failure to comply with any order of the

5    Court).

6    **IT IS ORDERED:**

7         (1)    The Second Amended Complaint (Doc. #15) is **dismissed** for failure to state

8    a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended

9    complaint in compliance with this Order.

10        (2)    Plaintiff's Motion for Leave to File Supplemental Pleading (Doc. #19) is

11   **denied**.

12        (3)    If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of

13   Court must, without further notice, enter a judgment of dismissal of this action with prejudice

14   that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

15        (4)    The Clerk of Court must send Plaintiff a copy of the form for filing a civil

16   rights complaint by a prisoner provided with this Order.

17        DATED this 27th day of July, 2009.

18

19

20   _____

21                 Neil V. Wake
                United States District Judge

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

Revised 12/1/08                               1

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
                     Attorney for Defendant(s)
_____
(Signature)


8.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.


9.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.


10.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.


11.  <u>Completing the Civil Rights Complaint Form</u>.


**HEADING:**
      1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.


      2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.


      3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.


**Part A.  JURISDICTION:**
      1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for

2

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ ,     )
(Full Name of Plaintiff)        Plaintiff,               )
                                                          )
                                    vs.                   )     **CASE NO.** _____
                                                          )           (To be supplied by the Clerk)
(1)_____ ,        )
(Full Name of Defendant)                                  )
(2)_____ ,        )
                                                          )     **CIVIL RIGHTS COMPLAINT**
(3)_____ ,        )     **BY A PRISONER**
                                                          )
(4)_____ ,        )     ☐ Original Complaint
                              Defendant(s).               )     ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )     ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:

_____at_____.
(Position and Title)                                                           (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:

_____at_____.
(Position and Title)                                                           (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:

_____at_____.
(Position and Title)                                                           (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:

_____at_____.
(Position and Title)                                                           (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number:  _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

       _____.

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number:  _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

       _____.

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number:  _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail             ☐ Access to the court       ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?                  ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?        ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer    ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
   b.   Did you submit a request for administrative relief on Count II?    ☐ Yes  ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes  ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?           ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                       DATE                                          SIGNATURE OF PLAINTIFF


_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____

(Signature of attorney, if any)

_____

_____

(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.